101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dharmendran NAIR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70499.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Nov. 14, 1996.
 
 1
 Before: NORRIS and KOZINSKI, Circuit Judges, and WARDLAW,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Dharmendran Nair appeals from the decision of the Board of Immigration Appeals denying his petition for asylum and withholding of deportation.
 
 
 4
 Where the BIA adopts the decision of the immigration judge, we review the IJ's findings. Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir.1994). We review for substantial evidence, Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995), and will reverse only if a reasonable factfinder would be compelled to find for petitioner. INS v. Elias-Zacharias, 502 U.S. 478, 481 & n. 1 (1992).
 
 
 5
 Nair is a 31-year-old Indo-Fijian. In 1991, he came to the United States for a track meet and remained here. In support of his application for asylum and withholding of deportation, he testified that he joined Fiji's National Labour Party (NLP) in March 1987, shortly before the NLP defeated the Alliance Party that had ruled for 17 years. One month later, the NLP was overthrown in a coup. Although he was never an active member of the NLP, he claimed that because his father was a founding member of the party, he was perceived as an opposition leader.
 
 
 6
 Nair testified that he received death threats as a result of this perception. He further testified that, because of his ethnicity and political affiliation, his house was broken into, he was beaten up, and at his government job he was assaulted, Fijian subordinates refused to follow his instructions and higher-ups failed to address the problem.
 
 
 7
 An alien may qualify for refugee status if he can prove he has suffered past persecution or has a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42)(A). "A well-founded fear of persecution [has] both objective and subjective components." Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995).
 
 
 8
 The IJ found Nair did not meet either part of the test. He noted that Nair was accorded the privileges of citizenship, held a government position and was permitted to travel abroad as a representative of his country. Further, the police intervened on his behalf when he was assaulted; thus, according to the IJ, the acts of violence Nair suffered did not constitute persecution.
 
 
 9
 As to Nair's claims that he was a target because of his political affiliation, the IJ noted that Nair joined the opposition only three months prior to the 1987 coup, held no official position in the party, and withdrew after the coup. Nair's sister, who has remained in Fiji, has not been subjected to arrest or harassment, undermining his claim that he would be singled out because of his father's political positions. The IJ found that Nair did not have an objectively reasonable fear of persecution.
 
 
 10
 The IJ further found that, if Nair subjectively feared persecution, he could have sought asylum in Australia, where he visited his brother three times prior to his arrival in the U.S. That he did not--although conditions he describes as persecution existed at the time of those visits--supports the IJ's finding.
 
 
 11
 We have no doubt that petitioner's life in Fiji was seriously diminished as a result of that nation's dismal record toward ethnic Indians. Nonetheless, the IJ's findings were supported by substantial evidence. Therefore, we AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Kim McLane Wardlaw, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3